# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| THOMAS V., | Case No. CV 18-09746-DFM |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security,[1] | |
| Defendant. | |

Thomas V. ("Plaintiff") appeals from the Social Security Commissioner's final decision rejecting his application for Social Security disability insurance benefits ("DIB") and Supplemental Security Income ("SSI").[2] For the reasons set forth below, the Commissioner's decision is affirmed and this case is dismissed with prejudice.

---

[1] Under Rule 25(d) of the Federal Rules of Civil Procedure, Commissioner Andrew M. Saul is hereby substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this action.

[2] The Court partially redacts Plaintiff's name in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

# I.

## BACKGROUND

Plaintiff applied for DIB on January 10, 2014 and SSI on January 6, 2015, alleging disability beginning April 3, 2009. See Dkt. 21, Administrative Record ("AR") 42, 159-60. After his claims were denied initially and on reconsideration, Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ"). See AR 64-85.

On May 16, 2016, the ALJ issued an unfavorable written decision. See AR 39-58. The ALJ determined that Plaintiff had the severe impairments of coronary artery disease, history of diverticulitis, and hypertension. See AR 42. The ALJ also determined that Plaintiff had the medically determinable impairments of asthma, GERD, mild alcohol use, depression, and anxiety, but concluded that those impairments were not severe. See AR 42-50. The ALJ also concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. See AR 50. The ALJ then determined that despite his impairments Plaintiff retained the residual functional capacity ("RFC") to perform the full range of light work without any additional limitations. See id. The ALJ then concluded that Plaintiff was not disabled because he could return to his past work as a construction superintendent (DOT 182.167-026) as actually or generally performed. See AR 56. Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. See id.

The Appeals Council denied review of the ALJ's decision, which became the final decision of the Commissioner. See AR 8-12. This action followed. See Dkt. 1.

# II.

# DISCUSSION

The parties dispute whether the ALJ erred in determining that Plaintiff's mental impairments were not severe. See Dkt. 26, Joint Stipulation ("JS") at 3-21. Plaintiff also argues that the ALJ erred in rejecting the opinion of his treating psychiatrist. See id. at 21-33. Finally, the parties dispute whether the ALJ properly discounted Plaintiff's subjective symptom testimony. See id. at 33-44. The Court will address the first two issues together.

## A.   The ALJ's Severity Determination

### 1.   Applicable Law

"In step two of the disability determination, an ALJ must determine whether the claimant has a medically severe impairment or combination of impairments." Keyser v. Comm'r SSA, 648 F.3d 721, 725 (9th Cir. 2011). Severe impairments have more than a minimal effect on an individual's ability to perform basic work activities. See Webb v. Barnhart, 433 F.3d 683, 686-87 (9th Cir. 2005). The inquiry at this stage is "a de minimis screening device to dispose of groundless claims." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). An impairment may be found to be not severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." Social Security Ruling ("SSR") 85-28. For mental impairments, the ALJ examines four broad functioning areas and determines the degree of limitation in each of four broad functional areas. See 20 C.F.R. §§ 404.1520a(c), 416.920a(c) (2011). Applying the normal standard of review to step two, the Court "must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that [plaintiff] did not have a medically severe impairment or combination of impairments." Webb, 433 F.3d at 687.

"There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." <u>Valentine v. Comm'r of SSA</u>, 574 F.3d 685, 692 (9th Cir. 2009). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1995). "The opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a nonexamining physician." <u>Id.</u> If the treating doctor's opinion is contradicted, the ALJ must present "'specific and legitimate reasons' for discounting the treating physician's opinion, supported by substantial evidence in the record." <u>Id.</u> (quoting <u>Murray v. Heckler</u>, 722 F.2d 499, 502 (9th Cir.1983) "The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors, are correct." <u>Orn v. Astrue</u>, 495 F.3d 625, 631 (9th Cir. 2007) (citation omitted).

It is the ALJ's province to synthesize the medical evidence. <u>See Lingenfelter v. Astrue</u>, 504 F.3d 1028, 1042 (9th Cir. 2007) ("When evaluating the medical opinions of treating and examining physicians, the ALJ has discretion to weigh the value of each of the various reports, to resolve conflicts in the reports, and to determine which reports to credit and which to reject."); <u>Morgan v. Comm'r of SSA</u>, 169 F.3d 595, 603 (9th Cir. 1999) (holding that ALJ was "responsible for resolving conflicts" and "inconsistencies between [doctors'] reports"). To the extent that the medical evidence may be susceptible to more than one rational interpretation, the Court must defer to the ALJ's determination. <u>See</u> <u>Allen v. Heckler</u>, 749 F.2d 577, 579 (9th Cir. 1985) ("If the evidence admits of more than one rational interpretation, we must uphold the decision of the ALJ.").

2.    **Analysis**

Because Plaintiff had medically determinable mental impairments of mild alcohol use, depression, and anxiety, the ALJ considered the four broad functional areas for evaluating mental disorders, known as the paragraph B criteria. See AR 23; see also 20 C.F.R. §§ 404.1520a(c), 416.920a(c). The ALJ found that Plaintiff had "mild limitation" in three categories: (1) activities of daily living; (2) social functioning; and (3) concentration, persistence, or pace. See AR 44. The ALJ also found that Plaintiff had no episodes of decompensation of extended duration. AR 50. In making these findings, the ALJ credited the opinion of a state agency medical consultant, Dr. R. Tashjian, and discredited the opinion of Plaintiff's treating psychiatrist, Dr. Sharon Guo. See AR 48-50. As Plaintiff's mental impairments caused no more than "mild" limitation in any of the first three functional areas, and Plaintiff had no episodes of decompensation, the ALJ concluded that the impairments were not severe. See AR 50 (citing 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1)).

Dr. Guo opined that Plaintiff had marked restrictions in activities of daily living; moderate difficulties in maintaining social functioning; moderate deficiencies of concentration, persistence or pace; and three repeated episodes of decompensation, each of extended duration. See AR 1811. The ALJ found that Dr. Guo's opinions were "entirely inconsistent" with her own treatment notes. AR 49. The ALJ noted that the record was "entirely devoid of any evidence" of an extended episode of decompensation. Id. The ALJ later noted that Plaintiff had not been psychiatrically hospitalized and there was no evidence of any psychotic breaks, nervous breakdowns, or episodes of extremely disorganized behavior that had lasted at least two weeks. See id. Finally, the ALJ noted that Dr. Guo "saw the claimant for medical management and did not provide therapy or admit the claimant to the hospital

or support a psychiatric hold." AR 50.

Substantial evidence supports the ALJ's finding that Dr. Guo's opinion was not consistent with her treatment records. See Connett v. Barnhart, 340 F.3d 871, 875 (9th Cir. 2003) (rejecting treating physician's opinion where his notes "provide[d] no basis for the functional restrictions he opined should be imposed on [the claimant]"). The mental status examinations reflected in Dr. Guo's treatment notes are unremarkable. See AR 1823, 1827, 1831, 1836, 1841-42. Her records also indicate that Plaintiff self-reported that medication helped manage his anxiety and depression. See AR 1881 ("reports . . . that his anxiety/depression is at a 20 out of 100 and is manageable with medications"). Additionally, as Plaintiff conceded in his letter to the Appeals Council, nothing in the record supports Dr. Guo's statement that Plaintiff had three episodes of decompensation. See AR 261. The ALJ gave specific and legitimate reasons for discrediting Dr. Guo's opinions. Accordingly, remand is not warranted on Plaintiff's claim that the ALJ erred in his treatment of Dr. Guo's opinion.

Substantial evidence also supports the ALJ's findings that Plaintiff's mental impairments were not severe. Objective indicators of Plaintiff's mental impairments reflect at most mild impairment throughout his treatment period. Plaintiff usually reported mild symptoms though he sometimes reported moderate or severe symptoms. But, even when Plaintiff reported severe symptoms, the objective portions of the assessments of Plaintiff's therapists and psychiatrists indicated mild impairment. In contrast to the objective evidence, every person treating Plaintiff assessed him with at least moderate impairment, generally indicated by a GAF score. But the ALJ discounted these GAF scores as they "afford no significant evidentiary value because they base on subjective complaints and a snapshot of claimant's behavior." AR 46. Instead, the ALJ relied on the objective components of the assessments and concluded that Plaintiff's impairments created mild limitations on his

functioning. The ALJ's decision to reject the GAF scores was proper because the Social Security Administration has "specifically rejected" the GAF score as a method for evaluating the severity of impairments. <u>Cowen v. Comm'r of Soc. Sec.</u>, 400 F. App'x 275, 277 n. 1 (9th Cir. 2010) (citing 65 Fed. Reg. 50746, 50764-65 (Aug. 21, 2000)). Further, the American Psychiatric Association has abandoned the use of the GAF in the most recent edition of the Diagnostic and Statistical Manual of Mental Disorders. <u>See</u> Am. Psychiatric Ass'n., <u>Diagnostic and Stat. Manual of Mental Disorders</u> 16 (5th ed. 2013). Accordingly, remand on this claim of error is unwarranted.

**B.** **<u>Plaintiff's Subjective Symptom Testimony</u>**

**1.** **Applicable Law**

The Court engages in a two-step analysis to review the ALJ's evaluation of a claimant's symptom testimony. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." <u>Garrison v. Colvin</u>, 759 F.3d 995, 1014 (9th Cir. 2014) (citation omitted). "If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." <u>Id.</u> at 1014-15 (citation omitted). "This is not an easy requirement to meet: 'The clear and convincing standard is the most demanding required in Social Security cases.'" <u>Id.</u> at 1015 (quoting <u>Moore v. Comm'r of SSA</u>, 278 F.3d 920, 924 (9th Cir. 2002)). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." <u>Reddick v. Chater</u>, 157 F.3d 715, 722 (9th Cir. 1998). "[B]ecause the claimant's subjective statements may tell of greater limitations than can medical evidence alone," "the ALJ may not reject the claimant's statements regarding her limitations

merely because they are not supported by objective evidence." <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1147 (9th Cir. 2001); <u>see also</u> <u>Robbins v. SSA</u>, 466 F.3d 880, 883 (9th Cir. 2006) ("While an ALJ may find testimony not credible in part or in whole, he or she may not disregard it solely because it is not substantiated affirmatively by objective medical evidence.").

### 2. Analysis

Here, the ALJ concluded that although Plaintiff's medically determinable impairments could be reasonably expected to produce his pain or other symptoms, those symptoms were not consistent with medical and other evidence in the record. <u>See</u> AR 51. The ALJ points to several types of evidence that he found to be inconsistent with Plaintiff's subjective symptoms: the objective medical evidence, Plaintiff's conservative treatment history, Plaintiff's presentation at the hearing, and Plaintiff's daily activities.

First, the ALJ concluded that the Plaintiff's subjective symptoms were not consistent with the medical evidence. Although an ALJ may not reject Plaintiff's subjective symptom testimony merely because it is contradicted by the objective medical evidence, that evidence is relevant for the ALJ to consider. <u>See</u> <u>Tonapetyan</u>, 242 F.3d at 1147.

Second, the ALJ determined that Plaintiff's conservative treatment history is evidence that Plaintiff's impairments are not as disabling as Plaintiff alleges. <u>See</u> AR 57. A conservative course of treatment can be a clear and convincing reason to reject Plaintiff's subjective symptom testimony. <u>See</u> <u>Tommasetti v. Astrue</u>, 533 F.3d 1035, 1039 (9th Cir. 2008 The record reflects that Plaintiff's impairments were treated through the use of medication and therapy, with an outpatient hospitalization in 2013. <u>See</u> AR 283, 297. Plaintiff had prescriptions for Xanax and Celexa for his mental impairments. <u>See</u> AR 1890. He also took metoprolol (hypertension), omeprazole (GERD), ProAir (asthma), QVAR (asthma), NTG (heart), aspirin, Flonase (asthma), Benadryl

(sleep), and Motrin or Tylenol (pain). <u>See</u> AR 1887. The record also reflects that Plaintiff was either allergic or poorly responded to a range of other medications, including SSRIs and statins. <u>See, e.g.</u>, AR 297, 299, 1905. During his hospitalization, Plaintiff recovered quickly when provided with NTG. <u>See</u> AR 297. The plan for treatment of his condition was simply for Plaintiff to resume taking his medication, which he used up but not yet refilled. <u>See</u> AR 299. Throughout his alleged disability period, when Plaintiff was on his medication, his conditions were well controlled. Further, sometimes Plaintiff would go without usage of his psychiatric medication and still report only mild depression and anxiety. The record reflects a conservative, stable course of treatment. As such, the ALJ provided a clear and convincing reason to discount Plaintiff's subjective symptom testimony.

Because the conservative nature of Plaintiff's treatment provides a clear and convincing reason to discount her symptom testimony in addition to the lack of objective medical evidence, any error in the ALJ's other rationale to reject the Plaintiff's symptom testimony was harmless. <u>See</u> <u>Tommasetti</u>, 533 F.3d at 1038 (9th Cir. 2008) (holding that an error is harmless when it is "inconsequential to the ultimate nondisability determination"). A different ALJ may have found Plaintiff more credible or weighed the evidence differently, but this Court "may not engage in second-guessing." <u>Thomas v. Barnhart</u>, 278 F.3d 947, 959 (9th Cir. 2002). Remand is not warranted on this claim of error.

## III.

## CONCLUSION

The decision of the Social Security Commissioner is affirmed and this case is dismissed with prejudice.

IT IS SO ORDERED.

Date: February 5, 2020 _____

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge